UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PEDRO VIEL-LARIOT,

    *Petitioner,*

v.                                                    Case No.: 3:26-cv-521-JEP-LLL

DEPARTMENT OF HOMELAND
SECURITY, et al.,

    *Respondents.*

_____/

## **ORDER**

Petitioner, an immigration detainee, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Baker Correctional Institute, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on March 11, 2026. (Doc. 1). He alleges that he is a citizen of Cuba; he was ordered removed in 2007; and ICE re-detained him on January 28, 2026. (*Id.* at 2, 4). Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] (*See* Doc. 1 at 6-7). He asks the Court to order his immediate release. (*Id.* at 7).

---

[1] Although Petitioner does not cite to *Zadvydas*, his allegations resemble the language used in *Zadvydas*.

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient

2

evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Here, this Court finds that the presumptively reasonable six-month period has not expired. A split of authority exists as to when the six-month period begins. Some courts have determined that each period of detention restarts the removal-period clock. *See, e.g.*, *Barrios v. Ripa*, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions"); *Liu v. Carter*, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE."); *Leybinsky v. U.S. Immigr. & Customs Enf't*, No. 10 CIV. 5137 RA, 2013 WL 132544, at *9 (S.D.N.Y. Jan. 8, 2013) (collecting cases), *vacated as moot*, 553 F. App'x 108 (2d Cir. 2014). Other courts have aggregated all periods of detention following an order of removal, regardless of whether there were any intervening periods of release from custody between periods of detention. *See, e.g.*, *Jaranow v. Bondi*, No. 2:25-cv-02396-TL, 2026 WL 35864, at *3 (W.D. Wash. Jan. 6, 2026)

(collecting cases from the Ninth Circuit that "have found that the six-month period of detention need not be consecutive to reach the limit established in *Zadvydas*"); *Patel v. Bondi*, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"—not just the length of the current detention).

This Court believes that aggregating the past period of detention is not appropriate here. Noting that the purpose of detention is to "assur[e] the alien's presence *at the moment of removal*," *Zadvydas*, 533 U.S. at 699 (emphasis added), this Court is not persuaded that Petitioner's previous detention (which he asserts was approximately ninety days in 2008 (Doc. 1 at 6))— approximately eighteen years ago—is relevant to today's determination. To rule otherwise would grant a permanent "get-out-of-jail-free" card to Petitioner or any other detainee who has been held for more than six months at any time in the past. *See Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *3 (M.D. Ga. Mar. 14, 2018). Moreover, "adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals." *Barrios*, 2025 WL 2280485, at *8. Thus, in this case, this Court will consider only the current detention when determining whether the presumptively reasonable six-month period has passed.

Petitioner filed this case on March 11, 2026, which is approximately one month and eleven days since the start of his current detention on January 28, 2026. Therefore, Petitioner's *Zadvydas* claim is not ripe and will be dismissed without prejudice.[2]

Accordingly, it is **ORDERED**:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to terminate any motions, enter judgment dismissing the petition without prejudice, and close the file.

3. The Clerk shall send Petitioner a blank § 2241 habeas petition form.

**DONE AND ORDERED** in Jacksonville, Florida on March 24, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Pedro Viel-Lariot

---

[2] Because the *Zadvydas* claim is not ripe, this Court need not inquire at this time into whether there is a significant likelihood of removal in the reasonably foreseeable future.